IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ali Waris-uzzaman, :
                Petitioner :
                 :
         v. :
                 :
Pennsylvania Department of :
Health and Penn Medicine, : No. 231 M.D. 2025
              Respondents : Submitted: May 14, 2026


BEFORE:   HONORABLE ANNE E. COVEY, Judge
              HONORABLE STELLA M. TSAI, Judge
              HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                         FILED: July 10, 2026

Before this Court are the Department of Health's (Department) preliminary objections (Department's Preliminary Objections) and Penn Medicine's preliminary objections (Penn Medicine's Preliminary Objections) to Ali Waris-uzzaman's (Petitioner) pro se Petition for Review in the nature of mandamus and negligence (Petition). After review, this Court sustains the Department's first Preliminary Objection, dismisses the Department from this action, and transfers the matter to the Delaware County Common Pleas Court.

On June 16, 2025, Petitioner filed the Petition in this Court's original jurisdiction. *See* Pet. at 1. Therein, Petitioner seeks an order from this Court requiring the Department to ensure that health care facilities do not prevent the documentation of patient complaints as he alleges Penn Medicine has done, and to improve the Department's basic functionality and responsiveness to patient complaints against health care providers.

In the Petition, Petitioner avers that he is 80 years old and suffers from several significant health conditions. *See* Pet. at ¶9. Petitioner asserts that he has received "*substandard* care" due to the Department's "sloppy oversight" of health care facilities. *Id*. at ¶10. In Count I of the Petition (Petitioner v. the Department), Petitioner alleges that the Department has been "negligent" and "inefficient" in its oversight of medical facilities in dereliction of its statutory duties. *Id*. at ¶11. Specifically, Petitioner contends that the Health Care Facilities Act[1] (Act) establishes a regulatory and licensing scheme for health care facilities. *See id*. at ¶16. Petitioner argues that one of the Act's provisions requires health care facilities to notify the Department in writing regarding "[c]omplaints of [p]atient abuse[.]" *Id*. at ¶21; *see also* ¶20. According to Petitioner, the Department has failed "to consider the possibility that a facility may have developed a mechanism to *block* the documentation of complaints from patients to escape accountability and liability stemming from substandard care." *Id*. at ¶22. Thus, Petitioner alleges that where health care facilities "block" patient complaints, as he claims Penn Medicine has done here, the Department is unaware of them. *Id*. at ¶25. Petitioner claims, the Department has "yet to establish a mechanism to counter the blocking of patient complaints[,]" *id*. at ¶23, and "inadvertently" created an environment where health care facilities provide substandard care without notifying the Department of those complaints, *id*. at ¶24.

Petitioner also contends in the Petition that the Department is internally mismanaged, and that his correspondence and calls to the Department's Secretary and Governor Josh Shapiro have either been delayed or received no response. *See id*. at ¶¶27-37. In addition, Petitioner complains that the responses he did receive were insufficient. *See id*. at ¶¶33, 37.

---

[1] Act of July 19, 1979, P.L. 130, *as amended*, 35 P.S. §§ 448.101-448.904b.

In Count II of the Petition (Petitioner v. Penn Medicine), Petitioner raises several tort and contract claims against Penn Medicine occurring between June 2023 and May 2025, for alleged substandard medical care. *See id*. at ¶¶38-106.

On July 29, 2025, the Department filed its Preliminary Objections, therein alleging: (1) the requested relief is outside the scope of mandamus; (2) the Department has sovereign immunity; (3) this Court lacks subject matter jurisdiction over tort claims; and (4) the Department is not a proper party to this matter. On July 31, 2025, Penn Medicine filed its Preliminary Objections, wherein it asserted: (1) Petitioner did not effectuate proper service upon Penn Medicine; (2) this Court lacks jurisdiction over Petitioner's tort claims against Penn Medicine; (3) Petitioner's breach of contract claim should be stricken/dismissed as legally insufficient; (4) Petitioner's allegations include material that is impertinent, immaterial, and inappropriate to the proof required for Petitioner's negligence claims; (5) Petitioner's claims do not provide a cognizable claim for damages, or are impermissibly vague; (6) Petitioner's punitive damages claims are legally insufficient; (7) Petitioner's references to unidentified and identified laws, regulations, and codes are legally insufficient; and (8) Penn Medicine is a necessary party to Petitioner's claims against the Department.

Initially,

> [i]n ruling on preliminary objections, [this Court] must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. [This] Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them.
>
> A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the [petition for review] and all

3

> inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. When ruling on a demurrer, a court must confine its analysis to the [petition for review].

*Foxe v. Pa. Dep't of Corr.*, 214 A.3d 308, 312 (Pa. Cmwlth. 2019) (quoting *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (citations omitted)).

In its first Preliminary Objection, the Department contends that this Court should dismiss the Petition because Petitioner's requested relief is outside the scope of mandamus.

> Mandamus is "an extraordinary writ and a remedy used to compel performance of a ministerial act or a mandatory duty." *Burns v. Bd. of Dirs. of Uniontown Area Sch. Dist.*, 748 A.2d 1263, 1268 (Pa. Cmwlth. 2000). For a party to prevail in a mandamus action, it must demonstrate[:] (1) a clear legal right in the petitioner for performance of the ministerial act or mandatory duty; (2) a corresponding duty in the respondent to perform the ministerial act or mandatory duty; and (3) no other appropriate remedy available. *Id*.

*Bethke v. City of Phila.*, 343 A.3d 370, 375 (Pa. Cmwlth. 2025).

"[I]t is well-settled that . . . mandamus relief will lie only to compel performance of a required act, but does not lie to compel a discretionary act." *Safe Harbor Water Power Corp. v. Fajt*, 876 A.2d 954, 970 (Pa. 2005). "*A mandatory duty is one which a public officer is required to perform* upon a given state of facts and in a prescribed manner in obedience to the mandate of legal authority." *Pa. Senate Intergovernmental Operations Comm. v. Pa. Dep't of State*, 290 A.3d 321, 331 (Pa. Cmwlth. 2023) (emphasis added) (quoting *Chester Cmty. Charter Sch. v. Dep't of Educ.*, 996 A.2d 68, 75 (Pa. Cmwlth. 2010)).

"Where the public official has **discretion in how to perform the act**, **mandamus** may compel the exercise of discretion, but it **may not interfere with**

4

**the manner in which the discretion is exercised**." *Drack v. Tanner*, 172 A.3d 114, 120 n.8 (Pa. Cmwlth. 2017) (emphasis added). "[I]n an action in mandamus involving an administrative agency's exercise of discretion, the court may only direct the agency to perform the discretionary act and may not direct the agency to exercise its judgment or discretion **in a particular way** or direct the retraction or reversal of action already taken." *McGill v. Pa. Dep't of Health, Off. of Drug & Alcohol Programs*, 758 A.2d 268, 270 (Pa. Cmwlth. 2000) (emphasis added). Furthermore, "[t]he ordinary office of the writ of mandamus is *to coerce the performance of single acts of specific* and imperative *duty* [;] . . . it is not an appropriate remedy to compel a general course of conduct or a long series of continuous acts, to be performed under varying conditions[.]" *Dombrowski v. Philadelphia*, 245 A.2d 238, 250 (Pa. 1968) (emphasis added) (quoting *Dorris v. Lloyd*, 100 A.2d 924, 927 (Pa. 1953)).

Here, with respect to the Department, Petitioner requests this Court to grant only mandamus relief, requiring the Department to

> (a) enforce its policies, a ministerial duty, by ensuring that the healthcare facilities do not prevent documentation of patient complaints as has been alleged and exemplified in Count II of this [Petition].
>
> (b) improve the basic functionality of the [Department] so as to be responsive to patient complaints against healthcare providers.

Pet. at 7 (citation omitted).

To identify a Department duty, Petitioner first points to the Act, generally, claiming that the Act mandates the Department to establish and enforce

5

regulations, including licensing, operation and safety standards, consistent with patients' rights.[2]

Petitioner also cites Section 103.24 of the Department's Regulations which mandates specific duties for **hospitals**:[3]

> The hospital shall adopt procedures to ensure effective and fair investigation of violations of patients' rights and to ensure their enforcement. These procedures shall ensure that:
>
> (1) a system is established to identify formal written complaints;
>
> (2) formal written complaints are recorded and investigated;

---

[2] Section 201 of the Act outlines the Department's power and duties, stating in relevant part:

> The Department . . . shall have the power and its duties shall be:
>
> (1) To exercise exclusive jurisdiction over health care providers in accordance with the provisions of this [A]ct.
>
> . . . .
>
> (5) To require, pursuant to regulation, submission of periodic reports by providers of health services and other persons subject to review respecting the development of proposals subject to review.
>
> . . . .
>
> (11) To adopt and promulgate regulations necessary to carry out the purposes and provisions of this [A]ct relating to certificate of need.
>
> (12) To enforce the rules and regulations promulgated by the [D]epartment as provided in this [A]ct.

35 P.S. § 448.201.

[3] In addition, Petitioner cites Section 51.3(e)-(f) of the Department's Regulations which requires health care facilities to notify the Department, *inter alia*, when the facility is not in compliance with Department Regulations or circumstances which seriously compromise quality assurance or patient safety. *See* 28 Pa. Code § 51.3(e)-(f). Like Section 103.24 of the Department's Regulations, which imposes duties on **hospitals**, Section 51.3 of the Department's Regulations imposes duties on **health care facilities**, not the Department.

6

(3) complaint records and case dispositions are kept for one year or until the next annual survey and made available to the Department upon request;

(4) investigation and resolution, when possible, of formal complaints shall be timely; and

(5) disciplinary and remedial education procedures will be developed for members of the hospital and medical staff who consistently cause patient relationship problems.

28 Pa. Code § 103.24.

Petitioner asserts:

The crux of the issue is that, in enforcing [its] [R]egulations . . . , [the Department] fails to consider the possibility that a facility may have developed a mechanism to block the documentation of complaints from patients to escape accountability and the liability stemming from substandard care.

Pet. at 4. Based on the Act and Sections 103.24 and 51.3(e)-(f) of the Department's Regulations, Petitioner claims the Department has the duty to "establish a mechanism to counter the blocking of patient complaints by the health care facilities as has repeatedly happened in P[etitioner's] case." *Id*. However, neither Section 201 of the Act nor the Department's Regulations impose such a specific duty upon the Department. Additionally, this Court requiring the Department to so act would be akin to "compel[ling the Department to engage in] a general course of official conduct or a long series of continuous acts, to be performed under varying conditions . . . ." *Dombrowski*, 245 A.2d at 250 (quoting *Dorris*, 100 A.2d at 927); *see also Delaware River Port Auth. v. Thornburgh*, 493 A.2d 1351, 1355 (Pa. 1985) ("[M]andamus will not ordinarily lie to compel a series of particular acts or conduct[.]"). Accordingly, because "the remedies requested appear designed to establish rights [or duties], which is not an appropriate use of a cause of action in mandamus[,]" *Unified Sportsmen of Pa. v. Pa. Game Comm'n*, 903 A.2d 117, 126

7

(Pa. Cmwlth. 2006), Petitioner has failed to establish that he has a clear legal right and the Department has a corresponding duty to perform. Therefore, this Court sustains the Department's first Preliminary Objection and dismisses Petitioner's action against the Department.[4]

Having dismissed Petitioner's claims against the Department, this Court must consider whether it continues to have jurisdiction over the instant matter.[5] *See Patterson v. Commonwealth*, 327 A.3d 726 (Pa. Cmwlth. 2024) (wherein this Court determined that it lacked jurisdiction over an action against a non-Commonwealth party following the Commonwealth's dismissal from the action). Pursuant to Section 761 of the Judicial Code, this Court has original jurisdiction of all civil actions:

> (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity, except:

---

[4] Given this Court's ruling on the Department's first Preliminary Objection, this Court does not reach the Department's remaining Preliminary Objections.

[5] This Court has explained:

> To properly exercise original jurisdiction under Section 761(a)(1) [of the Judicial Code], more is required than merely naming the Commonwealth or one of its officers in a lawsuit. Instead, the Commonwealth or one of its officers must be *indispensable* to the action. A party is indispensable when his or her rights are so intertwined with the claims in the litigation that relief cannot be granted without affecting those rights; in other words, justice cannot be accomplished without the party's participation. By contrast, where the Commonwealth party's involvement in the suit is minimal and no relief can be afforded against it, it is not indispensable, and its joinder to the suit is improper. The question of indispensability is decided by examining the nature of the claims asserted and the relief sought to determine whether the party has a right or interest related to the claims and essential to their merits such that due process requires the party's participation in the litigation.

*Patterson v. Commonwealth*, 327 A.3d 726, 732-33 (Pa. Cmwlth. 2024) (citations omitted).

8

. . . .

> (v) actions or proceedings in the nature of trespass as to which the Commonwealth government formerly enjoyed sovereign or other immunity and actions or proceedings in the nature of assumpsit relating to such actions or proceedings in the nature of trespass.

. . . .

> (4) Original jurisdiction of which is vested in the Commonwealth Court by any statute hereafter enacted.

42 Pa.C.S. § 761(a).

In addition,

> [t]he Commonwealth Court shall have original jurisdiction in cases of mandamus and prohibition to courts of inferior jurisdiction and other government units where such relief is ancillary to matters within its appellate jurisdiction, and it, or any judge thereof, shall have full power and authority when and as often as there may be occasion, to issue writs of habeas corpus under like conditions returnable to the said court. To the extent prescribed by general rule the Commonwealth Court shall have ancillary jurisdiction over any claim or other matter which is related to a claim or other matter otherwise within its exclusive original jurisdiction.

42 Pa.C.S. § 761(c).

Here,

> [a]s [this Court] already ha[s] determined, the [Department] has no direct interest in this litigation, and the relief sought by Petitioner[] cannot be afforded against it. It therefore is neither an indispensable nor proper party to this action. Although this Court may, in certain circumstances, exercise ancillary jurisdiction over claims against [non-Commonwealth parties], such claims must be "related to a claim or other matter *otherwise within* [*this Court's*] *exclusive original jurisdiction*." 42 Pa.C.S. § 761(c) (emphasis added). Without any remaining Commonwealth parties, [this Court] do[es] not have original jurisdiction over any of Petitioner['s] claims. *See*

9

*Stedman* [*v. Lancaster Cnty. Bd. of Comm'rs*], 221 A.3d [747,] 756 [(Pa. Cmwlth. 2019)] ("[F]or this Court to have original jurisdiction over a suit against the Commonwealth and another, non-Commonwealth party, the Commonwealth or one of its officers must be an indispensable party to the action[.]") (citation omitted). Resultingly, [this Court] may not exercise ancillary jurisdiction over Petitioner[']s claims against [Penn Medicine] and need not address [its] [P]reliminary [O]bjections to the Petition . . . . *Id*. at 760.

In these circumstances, [this Court] will not dismiss the action but, rather, transfer it to the proper court pursuant to Section 5103(a) of the Judicial Code, 42 Pa.C.S. § 5103(a). Section 5103(a) [of the Judicial Code] provides, in pertinent part:

> **(a) General rule.--**If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth . . . .

42 Pa.C.S. § 5103(a)[; s]*ee also* [Pennsylvania Rule of Appellate Procedure] 751(a).

*Patterson*, 327 A.3d at 733-34 (footnote omitted). Accordingly, pursuant to Section 5103(a) of the Judicial Code, this Court transfers this action to the Delaware County Common Pleas Court.

10

For all of the above reasons, the Department's first Preliminary Objection is sustained, the Department is dismissed from this action, and this matter is transferred to the Delaware County Common Pleas Court for further proceedings, including ruling upon Penn Medicine's Preliminary Objections.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ali Waris-uzzaman, :
           Petitioner :
            :
          v. :
            :
Pennsylvania Department of :
Health and Penn Medicine, : No. 231 M.D. 2025
          Respondents :

## O R D E R

AND NOW, this 10ᵗʰ day of July, 2026, the Pennsylvania Department of Health's (Department) preliminary objection challenging the requested relief as outside the scope of mandamus is SUSTAINED; the Department is dismissed from this action, and the matter is TRANSFERRED to the Delaware County Common Pleas Court (Common Pleas). The Prothonotary shall transmit the record of the above-captioned proceedings to Common Pleas' prothonotary. After transfer of the record, Common Pleas shall rule upon Penn Medicine's preliminary objections.

Jurisdiction is relinquished.

_____
ANNE E. COVEY, Judge